## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD NELLSON, #31408-007,

      Plaintiff,

      v.

U.S. FEDERAL BUREAU OF
PRISONS, et al.,

      Defendants.

CIVIL ACTION NO. 3:20-cv-00963

(MARIANI, J.)
(SAPORITO, M.J.)

## MEMORANDUM

    This federal civil rights case commenced on March 22, 2020, when the plaintiff, Edward Nellson, appearing through counsel, filed a fee-paid complaint in the United States District Court for the District of Columbia, where it was docketed as Case No. 1:20-cv-00788. (Doc. 1.) The case was subsequently transferred for lack of venue to the United States District Court for the Eastern District of Kentucky, where it was docketed as Case No. 7:20-cv-00065. (Doc. 34.) On the plaintiff's motion, various claims were severed and transferred to federal judicial districts where the scattered individual defendants could be found. (Doc. 43.) The plaintiff's *Bivens* and state-law medical malpractice claims against three defendants—Dr. Dianne Sommer, Dr. Philip J. Hlavac, and PA-C

Heather Walters—concerning medical treatment provided (or not provided) while he was incarcerated at USP Canaan, which is located in Wayne County, Pennsylvania, were transferred here. (*Id.*)

The United States has now moved to substitute itself in place of defendants Dr. Sommer and PA-C Walters.[1] (Doc. 87.) This motion is fully briefed and ripe for decision.[2] (Doc. 88; Doc. 92; Doc. 95.)

The Westfall Act provides that,

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and *the United States shall be substituted as the party defendant.*

_____

[1] Dr. Hlavac is separately represented, and this motion pertains only to the plaintiff's state-law medical malpractice claims against Dr. Sommer and PA-C Walters. It does not seek substitution with respect to the plaintiff's *Bivens* claims against Sommer and Walters.

[2] We note that the instant motion to substitute is a non-dispositive pretrial matter that can be ruled on by a magistrate judge. See 28 U.S.C. § 636(b)(1)(A); *Mikkilineni v. Paypal Inc.*, Civil Action No. 20-647-CFC-SRF, 2020 WL 3792183, at *4 n.13 (D. Del. July 7, 2020). The motion papers discuss the subsequent dismissal of these claims as well, but the defendants advanced the same arguments and the same request for relief in their earlier motion to dismiss and/or for summary judgment (Doc. 79), which remains pending.

28 U.S.C. § 2679(d)(1) (emphasis added). The Attorney General has delegated this certification authority to the United States Attorney for each federal judicial district. 28 C.F.R. § 15.4. The United States Attorney for the Middle District of Pennsylvania has, in turn, further delegated his certification authority to the Chief of the Civil Division within the United States Attorney's Office for the Middle District of Pennsylvania. (Doc. 87-1.)

"Initially, when the Government or the defendant moves for substitution, the Attorney General's certification, although subject to judicial review, is *prima facie* evidence that the employee's challenged conduct was within the scope of employment." *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992). Here, Joseph Terz, Chief of the Civil Division of the United States Attorney's Office for the Middle District of Pennsylvania has certified that defendants Sommer and Walters were employees of the Federal Bureau of Prisons ("BOP") and were acting within the scope of their employment at the time of the conduct alleged in the amended complaint. (Doc. 87-1)

"If the matter is disputed, the burden then shifts to the plaintiff, who must come forward with specific facts rebutting the certification."

*Schrob*, 967 F.2d at 935. Here, the plaintiff has adduced no evidence whatsoever to rebut the certification, relying solely on the pleadings. Thus, we find it appropriate to decide this motion based on the certification and pleadings alone. *See id.* at 936.

It is undisputed that these defendants were employed by the BOP as medical staff at USP Canaan, and that they were employed to provide medical care to inmates there, including Nellson. It is further undisputed that Nellson was seen and evaluated by Dr. Sommer, PA-C Walters, and other medical staff. But the amended complaint alleges that, notwithstanding these medical encounters with the defendants and their access to his prior medical records, Sommer and Walters failed to provide adequate medical treatment to Nellson while he was incarcerated at USP Canaan, including failure to prescribe the use of a walker or wheelchair to enable him to ambulate effectively, failure to prescribe pain medication or anti-seizure medication, failure to refer him for physical therapy, and failure to refer him to a neurologist or other specialists for further evaluation of his complaints.

Based on these allegations, and having examined the authorities cited by the parties, the plaintiff has failed to effectively rebut the

Government's certification that the challenged conduct by Sommer and Walters was within the scope of their employment. It is beyond cavil that the provision of medical services to inmates, including the exercise of professional medical judgment to determine whether any particular treatment is medically necessary, is the kind of work that Sommer and Walters were employed to perform. All encounters between Nellson and these defendants occurred within the authorized time and space limits of their employment, and their actions were motivated, at least in part, to serve their employer, the BOP. Based on the facts alleged, we do not find their conduct to have been done in so whimsical or outrageous a manner that it falls outside the scope of employment. *See generally Haas v. Barto*, 829 F. Supp. 729, 733–35 (M.D. Pa. 1993).

Therefore, the motion to substitute the United States in place of defendants Dr. Sommer and PA-C Walters (Doc. 87) will be granted.

An appropriate order follows.


Dated: January __14__, 2022

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge